# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### Southern Division

| | |
|---|---|
| AYANNA DUHANEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. RWT 04-160 |
| ) | |
| TELENET MARKETING GROUP, ) | |
| LLC D/B/A 1-800-CAR-LOAN, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| CAPITAL AUTOMOTIVE, INC. ) | |
| D/B/A CAPITAL NISSAN ) | |
| ) | |
| Cross-Defendant. ) | |

## MEMORANDUM OPINION

On January 21, 2004, Plaintiff Ayanna Duhaney ("Duhaney") filed a complaint in this Court against Defendant Telenet Marketing Group ("Telenet") alleging violations of the Truth In Lending Act and the Maryland Consumer Protection Act. On May 20, 2004, Telenet filed a Cross-Claim against Cross-Defendant Capital Automotive, Inc., d/b/a Capital Nissan ("Capital") for Indemnification of any judgment returned in favor of Duhaney and "any and all costs, fees and expenses, including legal fees," incurred as a result of having to defend the claims filed by Duhaney.

On December 15, 2004, both defendants filed motions for summary judgment as to Plaintiff's complaint and as to the Cross-Claim filed by Telenet. After a hearing on the motions for summary

judgment on April 11, 2005, the Court granted the defendants' motions for summary judgment as to Plaintiff's complaint and took the motions for summary judgment as to Telenet's cross-claim under advisement. Subsequently, and at the Court's instruction, Telenet filed an affidavit in support of an award of attorneys' fees and costs from Capital. This case now comes before the Court on Telenet's Motion For Summary Judgment as to Telenet's Cross-Claim and Capital's Motion For Summary Judgment as to Telenet's Cross-Claim.

### I. Factual Background

Telenet processes telephone and internet leads through its 800 number, 1-800-CAR-LOAN, from customers interested in purchasing or financing an automobile. This case arose when Duhaney attempted to purchase and obtain financing to purchase a vehicle from Capital after being referred to Capital by Telenet. When the vehicle purchase was unsuccessful, Duhaney sued Telenet in this Court.

On December 4, 2002, Telenet and Capital had entered into a Shared Usage Agreement which gave Capital exclusive rights to customer leads who live in the dealership territory. Telenet argues that Paragraph 5 of the Agreement requires that Capital indemnify Telenet for any and all costs incurred in defending the case, including attorneys' fees.[1] Paragraph 5 of the Shared Usage Agreement states that Capital

> agree[s] to hold UUSC, its affiliates, its parent, and the employees, officers, attorneys, directors, agents and representatives of each and all of them..., as well as CARLOAN and

---

[1] Telenet's cross-claim originally sought indemnification for damages owed to Duhaney. However, since the Court entered summary judgment in favor of Telenet, the only remaining costs at issue are litigation costs and attorneys' fees as outlined in Affidavit in Support of Telenet's Request for Attorneys' Fees and Costs [Paper no. 55].

its assignee, and the owners, employees, agents and representatives of each and both of them...harmless from, and to indemnify each and all of them against, any and all liability for damages incurred by reason of claims or demands of any person, entity and/or governmental agency arising directly or indirectly out of the 800 # and/or products or services sold and/or offered for sale by you.

Paragraph 8(b) of the Agreement indicates that the Agreement "will be governed and construed by the laws of the State of Kansas, except for its conflict-of-laws provision."

## II. Motion For Summary Judgment

A party is entitled to summary judgment if "there is no genuine issue as to any material fact and [ ] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). If the non-moving party fails to make a showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then the district court is required to grant summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The Agreement includes a choice of law clause that provides for the application of Kansas law. "In Maryland [], it is [] generally accepted that the parties to a contract may agree as to the law which will govern their transaction..." Taylor v. Lotus Dev. Corp., 906 F. Supp. 290, 294 (D. Md. 1995) (citations omitted). The parties do not provide any reasons why Kansas law should not apply; therefore, the Court will apply Kansas law to its interpretation of the Shared Usage Agreement.

According to Kansas law, "private contracts exculpating one from consequences of *his own acts* are looked upon with disfavor by the courts and will be enforced only when there is no vast disparity in the

3

bargaining power between the parties and the intention to do so is expressed in clear and unequivocal language." Belger v. Cartage Serv., Inc. v. Holland Constr. Co., 582 P.2d 1111, 1119 (Kan. 1978) (emphasis added). Furthermore, indemnification clauses "are strictly construed against the party relying on them." Zenda Grain & Supply Co. v. Farmland Indus., Inc., 894 P.2d 881, 888 (Kan. Ct. App. 1995).

As Telenet correctly points out, there is no disparity in the bargaining power of either party to this agreement. Both Telenet and Capital are sophisticated business entities who routinely negotiate contracts. However, the language in Paragraph 5 of the Shared Usage Agreement is overly broad and cannot, under Kansas Law, create a right of indemnification for the indemnitee's own acts unless the clause expressly so provides. In Zenda Grain, 894 P.2d at 888, the Kansas Court of Appeals addressed the requirements for a hold harmless (or indemnification) clause. In doing so, it quoted with approval the language in a hold harmless clause from Corral v. Rollins Protective Servs. Co., 732 P.2d 1260, 1263, 1265 (Kan. 1987), where the Kansas Supreme Court upheld an indemnification clause which included the following sentence: "the provisions of this paragraph shall apply if loss or damage, irrespective of cause or origin, results, directly or indirectly to persons or property...*from negligence, active or otherwise, of Rollins, its agents or employees*." (Emphasis added). The Kansas Court of Appeals concluded that in order for an entity to be contractually entitled to indemnification for its own acts, that entity must use explicit language, similar to the language found in the Corral case, that so provides. Zenda Grain 894 P.2d at 888.

The indemnification clause found in Paragraph 5 of the parties' Agreement does not contain such explicit language, but instead, creates only a generalized contractual duty on the part of Capital to indemnify Telenet for any damages from any claims that arise directly or indirectly out of any products or services sold

or offered by Capital. Therefore, the Court will grant Capital's Motion For Summary Judgment and enter summary judgment on Telenet's Cross-claim in favor of Capital, with both parties to bear their own costs.

    A separate Order follows.

August 16, 2005                                                         /s/
                                                         ROGER W. TITUS
                                            UNITED STATES DISTRICT JUDGE